IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Tony Martin, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| -vs- | ) | No. 12 CV _____ |
| | ) | |
| Sheriff of Cook County, Cook County, Illinois, and Trina Peterson, | ) ) ) | *(jury demand)* |
| *Defendants.* | ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367.

2. Plaintiff Tony Martin is a resident of the Northern District of Illinois. Plaintiff is not presently confined in a jail or prison.

3. Defendant Sheriff of Cook County is sued in his official capacity.

4. Defendant Cook County is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.2d 947 (7th Cir. 2003). In addition, defendant Cook County may be responsible under §1983 for the policies or practices complained of herein.

5. Defendant Trina Peterson was at all times relevant a social worker employed at the Cook County Jail.

6. Plaintiff was a pre-trial detainee at the Cook County Jail from October of 2007 to April of 2010.

7. In January of 2010, plaintiff advised defendant Peterson that he faced a substantial risk of serious harm from his cellmate.

8. Defendant Peterson disregarded the risk of serious harm to plaintiff and failed to take any action to abate it.

9. Plaintiff also advised two correctional sergeants, whose names are presently unknown to plaintiff, that he faced a substantial risk of serious harm from his cellmate.

10. The above described correctional sergeants disregarded the risk of serious harm to plaintiff and failed to take any action to abate it.

11. The above described correctional sergeants acted in accordance with a widespread practice at Division 11 of the Cook County Jail to ignore detainee complaints about dangerous cellmates.

12. As the direct and proximate result of the foregoing, plaintiff was attacked by his cellmate on or about February 3, 2010, and suffered serious personal injuries, including a fractured jaw.

13. Plaintiff received treatment at a hospital for his injuries.

14. While at the hospital, plaintiff received appropriate pain medication for the severe pain he was experiencing.

15. Plaintiff returned to the Jail after treatment at the hospital.

16. Plaintiff continued to experience severe pain from his injuries following his return from the hospital.

17. Plaintiff complained to medical personnel at the Jail about his severe pain; in accordance with a policy or widespread practice at the Jail, medical personnel refused to provide plaintiff with appropriate medication that would alleviate his pain.

18. As a result of the foregoing, plaintiff was required to endure excessive and unnecessary pain for several months.

19. Plaintiff hereby demands trial by trial.

Wherefore plaintiff requests that judgment be entered against defendants Sheriff and Cook County in an amount in excess of one hundred thousand dollars as compensatory damages and against defendant Peterson in an amount in excess of fifty thousand dollars as compensatory damages and twenty five thousand dollars as punitive damages.

/s/ <u>Kenneth N. Flaxman</u>
Kenneth N. Flaxman
ARDC 830399
200 S Michigan Ave, Ste 1240
Chicago, IL 60604
(312) 427-3200
*attorney for plaintiff*