```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

TONY MARTIN,                       )
                                   )
            Plaintiff,             )
                                   )
     v.                            )    No.  12 C 228
                                   )
SHERIFF OF COOK COUNTY, et al.,    )
                                   )
            Defendants.            )
```

MEMORANDUM ORDER

This action had originally been assigned to the calendar of this Court's colleague Honorable John Grady, but because Judge Grady is no longer being assigned prisoner condition cases that come within this District Court's "555" category, the case has been reassigned to this Court's calendar. Now defense counsel has filed defendants' Answer to Martin's Complaint, coupled with an affirmative defense ("AD"). Issuance of this memorandum order is occasioned by two aspects of that responsive pleading.

To begin with, defense counsel has joined a substantial club (though frankly a single member of that club would be one too many) comprising lawyers who cannot seem to conform to the plain language of Fed. R. Civ. P. ("Rule") 8(b)(5). Instead of tracking the clear roadmap prescribed by that Rule for parties to get the benefit of a deemed denial (see App'x ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)), Answer ¶¶2, 9 through 12, 14, 16 and 17 follow a different (and impermissible) path that requires rerouting.

But before defense counsel is sent back to the drawing board to file an Amended Answer, Martin's counsel should address the claimed nonexhaustion of administrative remedies referred to in defendants' AD, which if sound would require the dismissal of this action pursuant to 42 U.S.C. §1997e(a). Although the AD suggests that a hearing be conducted on that score pursuant to Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008), such a proceeding may not be necessary (at least in the first instance). Instead this Court orders Martin's counsel to file a submission on or before March 16, 2012 that provides the relevant information as to Martin's compliance with the statutory requirement (or perhaps an acknowledgment that he has not done so), after which this Court will determine what action is appropriate.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 5, 2012